# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KWAN DESHAUN ENGRAM
ADC #116023                                                                                                  PETITIONER

VS.                                         5:07CV00187 SWW/JTR

LARRY NORRIS, Warden,
Arkansas Department of Corrections                                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Kwan DeShaun Engram. (Docket entry #2.) Respondent has filed a Response, (docket entry #10), to which Petitioner has filed a Reply. (Docket entry #11.) Thus, the issues are joined and ready for disposition.

On June 22, 1999, Petitioner pleaded guilty in Garland County Circuit Court to one count of aggravated robbery and one count of second-degree murder. (Docket entry #10, Ex. 4.) Petitioner was sentenced to 15 years of imprisonment for the aggravated robbery conviction, and 15 years of imprisonment for the second-degree murder conviction, *to be served consecutively.*[1]  *Id.*

---

[1]In Petitioner's original Judgment and Commitment Order, entered on June 22, 1999, the aggregate "total time to serve" for both counts was 15 years. *See Engram v. State*, 2005 WL 852675, *1 (Ark. Apr. 14, 2005) (unpublished decision) (reciting procedural history). On July 2, 1999, an

On September 2, 2003, Petitioner filed a *pro se* Petition to Correct Illegal Sentence in Garland County Circuit Court. *See Engram v. State*, 2005 WL 852675, *1 (Ark. Apr. 14, 2005) (unpublished decision) (reciting procedural history). Petitioner argued that his aggregate 30-year sentence was illegal because his original Judgment and Commitment Order reflected a "total time to be served" of only 15 years. The trial court denied Petitioner the requested relief.

On April 14, 2005, the Arkansas Supreme Court affirmed the trial court's decision on the grounds that: (1) the Amended Judgment and Commitment Order corrected an "obvious clerical error" which erroneously totaled the time to be served on Petitioner's sentences; and (2) the trial court had jurisdiction to correct the clerical error. *See Engram v. State*, 2005 WL 852675, *1 (Ark. Apr. 14, 2005).

On September 13, 2006, Petitioner filed an ADC administrative Informal Resolution, claiming that the ADC had improperly determined his parole eligibility date by failing to run his aggravated robbery sentence "first," before his second-degree murder sentence. (Docket entry #2 at 5.) Petitioner's claim was premised on the operation of Arkansas's "70 percent rule," which provides that a defendant convicted of certain Class Y felonies, including aggravated robbery, must serve 70% of the sentenced term of imprisonment before he is eligible for parole. *See* Ark. Code Ann. § 16-93-611(a)(1). According to Petitioner, the aggravated robbery sentence (which was subject to the 70 percent rule) should have been run and discharged *before* his second-degree murder

---

Amended Judgment and Commitment Order was entered reflecting a n aggregate "total time to serve on both counts as 30 years.

    The transcript of Petitioner's guilty plea hearing reflects that the parties negotiated a plea agreement with a recommended sentence of two consecutive 15-year sentences (for a total of 30 years), and that the trial court accepted the recommended sentence. (Docket entry #10, Ex. 3, Guilty Plea Tr. at 23-24, 29.)

sentence (which was *not* subject to the 70 percent rule). Petitioner appears to argue that the effect of failing to run the aggravated robbery sentence "first" has been to unlawfully lengthen his parole eligibility date.[2] The ADC denied Petitioner's administrative claim.

On July 19, 2007, Petitioner initiated this federal habeas action. In his Petition, he contends that Respondent has improperly determined his parole eligibility date by failing to run his aggravated robbery sentence "first." (Docket entry #2.) Respondent argues that: (1) Petitioner has not exhausted the claim; (2) the claim is in procedural default; and (3) the claim is barred by the statute of limitations. (Docket entry #10 at 3-5.)

The Court concludes that Respondent's first argument has merit. Thus, the Court recommends that the Petition be dismissed, without prejudice, so that Petitioner can exhaust the state court remedies available to him.

## II. Discussion

Under controlling federal habeas statutes, a petitioner must exhaust his available state-court remedies as a prerequisite to filing a federal habeas action. *See* 28 U.S.C. § 2254(b)(1)(A). Furthermore, as a matter of comity, a federal court should not review a habeas claim by a state prisoner until the state courts have had an opportunity to review the claim and correct any error. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A claim is considered exhausted only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir.1993).

In substance, Petitioner's habeas claim is that the ADC has improperly calculated his state

---

[2]According to ADC's public website, http://www.adc.arkansas.gov/inmate_info/search.php, Petitioner is parole eligible on June 30, 2014.

sentence. The State of Arkansas has statutory remedies which allow a state prisoner to challenge the computation of his sentence.[3] These state court remedies include filing a "petition for declaratory judgment and a petition for writ of mandamus" in state court.[4] Arkansas prisoners have utilized these statutes to seek judicial review of the ADC's alleged miscalculation of a sentence, projected release date, or parole eligibility date. *See Boles v. Huckabee*, 340 Ark. 410, 12 S.W.3d 201 (2000) (*per curiam*) (recognizing declaratory judgment action challenging ADC's computation of parole eligibility date for concurrent sentences); *Kelley v. Washington*, 311 Ark. 73, 843 S.W.2d 797 (1992) (recognizing petition for writ of mandamus and for declaratory judgment challenging ADC's calculation of sentences).

Similarly, courts in the Eastern District of Arkansas have required § 2254 petitioners to demonstrate exhaustion through the declaratory judgment or mandamus procedure where they

---

[3]*See* Ark. Code Ann. § 16-111-101, *et seq.* (mandamus statute); § 16-115-101, *et seq.* (declaratory relief statute)

[4]In order to challenge a sentence calculation by the ADC, a prisoner must file a "petition for declaratory judgment and petition for writ of mandamus." The Arkansas Supreme Court has described this claim as a civil cause of action which must be filed in circuit court. *See Wiggins v. State*, 299 Ark. 180, 771 S.W.2d 759 (1989). Furthermore, the "petition . . . is properly filed in the county in which the defendant, *i.e.*, the Director of the Arkansas Department of Correction *or* keeper of the records of the Arkansas Department of Correction, is located." *Id.* (emphases added) (dismissing, without prejudice, appeal from denial of "petition for declaratory judgment and writ of mandamus" that was filed in Pulaski County Circuit Court, because neither the ADC Director nor the "keeper of the records" were "located in Pulaski County"); *Houston v. State*, 2003 WL 1950248 (Ark. April 27, 2003) (unpublished *per curiam*) (same).

Based on the foregoing cases, it appears that Petitioner should file a "petition for declaratory judgment and writ of mandamus" against Larry Norris, Director, Arkansas Department of Correction, in Jefferson County Circuit Court, the county where the Director's office is located. Additionally, it would also appear prudent to name as a party whomever is the ADC "keeper of the records." If Petitioner is denied relief at the circuit court level, he must appeal the denial of relief to the Arkansas Supreme Court. After having done this, Petitioner will have exhausted his available state court remedies.

challenge the calculation of their sentence. *See Collins v. Norris*, E.D. Ark. No. 5:07CV00117 JLH/JWC (habeas petition claiming that ADC was incorrectly running sentences consecutively, rather than concurrently, was dismissed without prejudice so that prisoner could exhaust, by filing a state court petition for writ of declaratory judgment or a petition for writ of mandamus); *accord Shabazz v. Norris*, 76 F.3d 382 (8th Cir.1996) (unpublished decision) (dismissing § 2254 petition for failure to exhaust and stating that inmate disagreeing with computation of his parole eligibility and release dates could file state-court actions for declaratory judgment and mandamus against ADC to have records corrected).

Accordingly, the Court concludes that Petitioner has not exhausted his habeas claim in state court. To properly challenge the ADC's calculation of his sentence, Petitioner should file a state-court petition for a "petition for declaratory judgment and petition for a writ of mandamus" in Jefferson County Circuit Court, against Larry Norris, Director, Arkansas Department of Correction, and whomever is the ADC "keeper of the records." If the state trial court does not grant Petitioner relief, he should appeal to the Arkansas Supreme Court. If the Arkansas Supreme Court affirms the denial of relief, Petitioner may then continue to pursue this claim by filing a petition for a writ of habeas corpus in federal court.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket entry #2) be DISMISSED, WITHOUT PREJUDICE.

DATED this 30th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE